UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

**DAWN GILSON**
14646 West Zandra Road
Denmark, WI 54208

          Plaintiff,

vs.                                           Case No. \_\_\_\_16-cv-495\_\_\_\_

**WISCONSIN PUBLIC SERVICE
CORPORATION LIFE INSURANCE
AND LONG-TERM DISABILITY PLAN**
Registered Agent: Corporate Creations Network, Inc.
4650 West Spencer Street
Appleton, WI 54914

and

**WISCONSIN PUBLIC SERVICE CORPORATION**
Registered Agent: Corporate Creations Network, Inc.
4650 West Spencer Street
Appleton, WI 54914

and

**THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA**
Registered Agent: CT Corporation System
8020 Excelsior Drive Suite 200
Madison, WI 53717

          Defendants.

---

## COMPLAINT

---

The Plaintiff, Dawn Gilson, by Hawks Quindel, S.C., for her complaint against the above-named Defendants, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Denmark, Wisconsin.

2. Defendant, Wisconsin Public Service Corporation Life Insurance and Long-Term Disability Plan ("the Plan"), on information and belief, is an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended.

3. Defendant, Wisconsin Public Service Corporation ("WPS"), is Plaintiff's former employer on information and belief, is a corporation organized under the laws of the state of Wisconsin and licensed to do business in Wisconsin.

4. Defendant, The Prudential Insurance Company of America ("Insurance Company"), on information and belief, is a corporation organized under the laws of the state of New Jersey, licensed to do business in Wisconsin.

## JURISDICTION & VENUE

5. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

6. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

7. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and

omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

8. Plaintiff has exhausted her administrative remedies as a condition precedent to filing this action.

## FACTS

9. During the course of Plaintiff's employment with WPS, Plaintiff became eligible for certain employee benefits, including medical, dental and vision insurance and the long-term disability insurance ("LTDI") benefits provided by the Plan.

10. Defendants Insurance Company and The Plan approved Plaintiff's claim for LTDI benefits until September 30, 2014. These benefits were approved in the amount of $550 per month after offsetting her Social Security Disability benefits.

11. While Plaintiff was approved for LTDI benefits, Defendant WPS continued to offer Plaintiff coverage under its employee medical, dental and vision insurance plans.

12. Defendants Insurance Company and The Plan have denied Plaintiff's LTDI benefits claim beyond September 30, 2014.

13. As a result of the denial of her claim for LTDI benefits, Defendant WPS discontinued Plai-ntiff's coverage under its employee medical, dental and vision insurance plans.

14. Had Plaintiff's LTDI claim not been denied, she would have remained entitled to coverage under WPS' medical, dental, and vision insurance plans.

15. Plaintiff timely appealed Defendants' denial of Plaintiff's benefits claim.

16. Plaintiff submitted complete medical documentation in support of his disability as part of the appeal.

17. Plaintiff submitted all information requested by the Defendants.

18. Defendants failed to consider the issues raised in Plaintiff's appeal.

19. Defendants ignored clear medical evidence of Plaintiff's medical conditions and disability.

20. Defendants did not perform a "full and fair review" of Plaintiff's claim.

21. Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect her claim and an explanation of why that material was necessary.

22. Defendants failed to adequately explain why they rejected specific evidence in Plaintiff's file.

23. Defendants failed to engage in a meaningful dialogue with the Plaintiff.

24. Defendants failed to adequately explain their reasons for denying Plaintiff benefits.

25. Defendants conducted a selective review of Plaintiff's medical records.

26. Defendants failed to adequately assess Plaintiff's employability before determining that she is not sufficiently disabled to qualify for benefits.

27. The Social Security Administration determined that Plaintiff was disabled based on the same medical issues that constitute her claim for LTDI benefits.

28. Defendants have offset Plaintiff's LTDI benefits by the amount that Plaintiff received in SSDI benefits.

29. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

30. At all times material to this case, the Plan has remained in full force and effect.

31. Defendants' denial of Plaintiff's claim for LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

### FIRST CAUSE OF ACTION: DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

32. The preceding paragraphs are reincorporated by reference as though set forth here in full.

33. Since 2004, Plaintiff has been disabled, as that term is defined by the Plan.

34. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is de novo as the Plan has not granted the

administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

35. Defendants wrongfully denied LTDI benefits due to Plaintiff as of September 30, 2014.

36. Alternatively, if the arbitrary and capricious standard of review applies, then Defendants arbitrarily and capriciously denied Plaintiff benefits.

37. Defendants have interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

38. Upon information and belief, Defendants have inconsistently interpreted the terms and conditions of the Plan from one case to the next.

39. As both the payer of claims and the adjudicator of claim eligibility, Insurance Company has an inherent conflict of interest.

40. The Plan provides for the offsetting of Plaintiff's SSDI benefits against Plaintiff's LTDI benefits. As such, Defendants have relied on Plaintiff's SSDI award in instances when it benefited Defendants but have unreasonably ignored Plaintiff's SSDI disability determination in denying Plaintiff's claim for LTDI benefits.

41. Defendants' denial of Plaintiff's LTDI benefits was "downright unreasonable."

42. For these and other reasons, Defendants acted in violation of § 502(a)(1)(B) of ERISA when it wrongfully denied Plaintiff's claim for LTDI benefits.

**WHEREFORE** the Plaintiff, Dawn Gilson, demands judgment from the Defendants for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B. Payment of the retroactive value of Plaintiff's medical, dental and vision insurance benefits owed to Plaintiff during the period of time when her LTDI benefits were wrongfully denied;

C. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

D. Prejudgment interest;

E. Reasonable attorney's fees and costs related to the action; and

F. Such other and further relief that the Court deems just and equitable.

Dated: April 22, 2016        **HAWKS QUINDEL, S.C.**

By:        */s/ William E. Parsons*
       William E. Parsons, State Bar No. 1048594
       Email: wparsons@hq-law.com
       Lynn K. Lodahl, State Bar No. 1087992
       Email: llodahl@hq-law.com
       222 West Washington Avenue, Suite 450
       Post Office Box 2155
       Madison, Wisconsin 53701-2155
       Telephone: 608/257-0040
       Facsimile: 608/256-0236

       Attorneys for Plaintiff, Dawn Gilson